# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | | |
|---|---|---|
| JOSEPH O'CARROLL, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:19-CV-115–HEH |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SAMUEL I. WHITE, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
### (Denying Plaintiff's Motion to Remand)

This matter is before the Court on Plaintiff Joseph O'Carroll, III's ("Plaintiff") Motion to Remand (the "Motion") (ECF No. 14), filed on March 29, 2019. Defendant JPMorgan Chase Bank N.A. ("JPMorgan") filed a Response in Opposition to Plaintiff's Motion (ECF No. 16) on April 11, 2019. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J). For the reasons that follow, the Court denies Plaintiff's Motion.

## I. BACKGROUND

According to the Complaint, Plaintiff owns property "in the city of North Chesterfield, Virginia" known as "Lot 44, North Settlers Landing, Section 1, with improvements thereon." (Compl. ¶ 4, ECF No. 1-1.) On June 20, 2003, Plaintiff

allegedly entered into a mortgage loan contract in which he was the borrower.[1] (*Id.* ¶ 5.) The Complaint further states that the loan was evidenced by a Note and secured by a Deed of Trust. (*Id.* ¶ 5.)

In January 2017, Plaintiff fell behind on his mortgage payments after experiencing a "reduction of income after a job change." (*Id.* ¶ 7.) Somtime thereafter, Plaintiff alleges that his income increased and that he sought several loan modifications with JPMorgan. (*Id.* ¶ 8.) However, he contends that JPMorgan repeatedly denied these attempts. (*Id.* ¶ 9.) Furthermore, Plaintiff alleges that, despite his best efforts, he was unable to save enough to satisfy the missed payments. (*Id.* ¶ 11.)

In April 2018, Plaintiff states that he received an escrow statement from JPMorgan reflecting a surplus of $16,360.86. (*Id.* ¶ 12.) In response, Plaintiff requested that JPMorgan apply those funds to the outstanding balance, however, JPMorgan allegedly declined to do so. (*Id.* ¶ 13.) Plaintiff contends that he has proof of funds to cover the remainder of the balance should JPMorgan apply the escrow funds to the outstanding amount. (*Id.* ¶ 14.)

In May 2018, Plaintiff alleges that he attempted to make a payment to JPMorgan that, when combined with the amount in escrow, would bring his mortgage account current, but JPMorgan refused that payment. (*Id.* ¶¶ 15–16.)

Thereafter, Plaintiff obtained counsel and sent an "error letter" to JPMorgan and the substitute trustee, Defendant Samuel I. White, P.C. ("SIWPC"), which outlined

---

[1] The Complaint does not state explicitly with whom Plaintiff contracted for the mortgage loan. (*See id.* ¶ 5.)

2

JPMorgan's alleged violations of 12 C.F.R. § 1024.35 and 12 C.F.R. § 1026.36. (*Id.* ¶¶ 17–18.) Representatives from JPMorgan allegedly informed Plaintiff that they could not process his request because the account is in active foreclosure status. (*Id.* ¶ 20.)

On January 25, 2019, Plaintiff filed suit in Chesterfield County Circuit Court. As of the date of filing, Plaintiff contends that SIWPC intended to sell the property at auction on January 31.[2] (*Id.* ¶ 21.) The Complaint lodges five claims against JPMorgan and SIWPC.[3] (*Id.* ¶¶ 22–61.) On February 21, JPMorgan filed a Notice of Removal in this Court (ECF No. 1). On March 15, JPMorgan and SIWPC each filed respective Motions to Dismiss (ECF Nos. 9, 12). On March 29, Plaintiff filed the Motion that is currently before the Court.

## II. STANDARD OF REVIEW

As the removing parties, Defendants bear the burden of demonstrating that this Court has subject-matter jurisdiction. *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016). Removing a proceeding from state court raises significant federalism concerns; accordingly, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

---

[2] SIWPC has conveyed to the Court that the foreclosure sale was cancelled. (Mem. Supp. Mot. Dismiss 5, ECF No. 13.)

[3] The Complaint lists the claims as follows: "Count 1: [JPMorgan] is in Breach of Contract for Failing to Apply Funds to Plaintiff's Past Due Balance"; "Count 2: Breach of Contract for Violation of the Applicable Law Provision of the Deed of Trust, Specifically 12 CFR 1026.36(c)(1)"; "Count 3: Breach of Contract for Violation of the Applicable Law Provision of the Deed of Trust, Specifically 12 CFR 1024.41(f)"; "Count 4: Clogging the Equity of Redemption"; "Count 5: Injunction of the Foreclosure Action."

This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . Citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Diversity must be complete "such that the state of citizenship of each plaintiff must be different from that of each defendant" at the time an action commences. *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999).

The fraudulent joinder doctrine, however, presents an exception to the complete diversity requirement, whereby a federal court can disregard the citizenship of a fraudulently joined party in determining whether the court has jurisdiction under § 1332. *E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574, 578 (4th Cir. 2013); *McFadden v. Fannie Mae*, 525 F. App'x 223, 227 (4th Cir. 2013) (citations omitted). The Fourth Circuit counsels that the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Trans., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). Consequently, the defendant must shoulder a significant burden to establish fraudulent joinder. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993).

The party claiming fraudulent or improper joinder must show that a claim could not be established against the non-diverse defendant, even after resolving all issues of law and fact in the plaintiff's favor. *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (citing *Marshall*, 6 F.3d at 232–33).

The removing party must establish that there is no possibility the plaintiff

could establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. A claim need not succeed to defeat removal; only a *possibility* of a right need be asserted.

*Sherman v. Litton Loan Servicing, L.P.*, 796 F. Supp. 2d 753, 759 (E.D. Va. 2011) (citations omitted). However, "[t]he 'no possibility' standard is not to be taken 'literally,' nor is it to be applied 'mechanically.'" *Wingate v. Ocwen Loan Servicing, LLC*, No. 2:18-cv-167, 2018 WL 3341186, at *4 (E.D. Va. July 6, 2018) (citing *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005)). Rather, "a defendant is fraudulently joined if there is no 'reasonable basis for predicting that state law might impose liability on the facts involved.'" *Boss v. Nissan N. Am., Inc.*, 228 F. App'x 331, 335 (4th Cir. 2007) (per curiam) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

The Fourth Circuit also recognizes the nominal party doctrine, which is another exception to the complete diversity requirement. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 257 (4th Cir. 2013) ("Nominal parties are excepted from the requirement that all defendants join in or consent to removal to federal court."). A nominal party has "no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Id.* at 260. The key consideration is whether the party in question "has an interest in the outcome of the case." *Id.* at 261. "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case." *Id.* at 260 (citing *Shaugnessy v. Pedreiro*, 349 U.S. 48, 54 (1955) (noting that party status is determined by "practical considerations")).

## III. ANALYSIS

For the reasons that follow, the Court will deny Plaintiff's Motion. According to Plaintiff, the Court lacks subject-matter jurisdiction. First, he contends that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and SIWPC share Virginia citizenship. (Mem. Supp. Mot. Remand 3–4, ECF No. 15.) Second, he contends that the Court lacks federal question jurisdiction under 28 U.S.C. § 1331 because his claims against Defendants proceed only under state law. (*Id.* at 4.)

In response, JPMorgan argues that SIWPC is a nominal and/or fraudulently joined party, whose citizenship should not be considered for the purpose of analyzing the Court's diversity jurisdiction. (Resp. Opp'n Pl.'s Mot. Remand 3–6, ECF No. 16.) Further, JPMorgan contends that while Plaintiff's claims are couched in terms of state law, they arise under federal law. (*Id.* at 6–8.) The Court agrees with JPMorgan that SIWPC should not be considered for the purpose of analyzing diversity jurisdiction and therefore need not reach the issue of whether Plaintiff's claims arise under federal law.

The Court's inclusion of SIWPC in its diversity analysis depends upon whether he is fraudulently joined or a nominal party. This is by no means the first instance in which this issue has arisen with respect to a substitute trustee under similar circumstances. Critical to evaluating whether a substitute trustee is fraudulently joined or a nominal party is "the nature of the actions allegedly taken by the trustee, if any, and the type of relief sought against the trustee, if any." *Sherman*, 796 F. Supp. 2d at 760. Courts in this district have consistently looked at whether the complaint contains "significant factual

allegations made specifically against" the substitute trustee. *See Payne v. Bank of America, N.A.*, No. 3:09-cv-00080, 2010 WL 546770 (W.D. Va. Feb. 11, 2010).

Courts in this district have found that a substitute trustee has been properly joined in situations such as where a foreclosure sale has occurred and the plaintiff seeks to have it set aside or where the complaint lays out a plausible claim for breach of fiduciary duty by the substitute trustee. *See Harris v. Matrix Fin. Servs. Corp.*, No. 3:18-cv-618, 2018 WL 6037524, at *3 (E.D. Va. Nov. 16, 2018); *LaGrant v. U.S. Bank Nat. Ass'n*, No. 3:14-cv-809, 2015 WL 1208967, at *3–*5 (E.D. Va. Mar. 16, 2015); *Payne*, 2010 WL 546770, at *4–*7. Conversely, where complaints lack significant allegations against a substitute trustee and a foreclosure has not yet occurred, courts have found that the substitute trustee is a nominal party or has been fraudulently joined. *See Dail v. Bank of Am., N.A.*, No. 2:18-cv-640, 2019 WL 921452, at *3–*4 (E.D. Va. Feb. 21, 2019); *Lee v. Ocwen Loan Servicing, LLC*, No. 2:18-cv-221, 2018 WL 4365583, at *2–*3 (E.D. Va. July 31, 2018); *Wingate*, 2018 WL 3341186, at *4–*5; *Correll v. Bank of Am., N.A.*, No. 2:11-cv-477, 2012 WL 348594, at *6 (E.D. Va. Feb. 2, 2012); *Sherman*, 796 F. Supp. 2d at 759–60. Notably, "courts in similar cases have categorically rejected claims that a cause of action may be established under either 'lack of authority to foreclose' or 'wrongful foreclosure' theories." *Wingate*, 2018 WL 3341186, at *4 (citing *Young v. CitiMortgage, Inc.*, No. 5:12-cv-79, 2013 WL 3336750, at *12 (W.D. Va. July 2, 2013); *Hien Pham v. Bank of New York*, 856 F. Supp. 2d 804, 810–11 (E.D. Va. 2012)).

This Court concludes that SIWPC has been fraudulently joined. Plaintiff's allegations against SIWPC involve (1) his imminent foreclosure of the property at issue

7

and (2) prior notice provided to SIWPC by Plaintiff's counsel that JPMorgan was not in compliance with federal regulations and that Plaintiff had the means to reinstate the loan. (Compl. ¶¶ 46–61.) Importantly, however, Plaintiff does not identify any authority to support his position that SIWPC is a proper party to this case or that he may reasonably succeed on any cause of action lodged against him.

In support of his position that SIWPC is a proper party, Plaintiff relies exclusively on *Payne*. (Mem. Supp. Mot. Remand 3–4.) The substitute trustee in *Payne*, however, had already foreclosed on the property at issue and was assumed to hold legal title. 2010 WL 546770, at *5. Further, the plaintiff alleged that the substitute trustee failed to act impartially as a fiduciary for both debtor and creditor by failing to provide a reinstatement figure that would allow reinstatement as provided in the deed of trust. *Id.* at *6. Accordingly, the *Payne* court found that the defendant bank had not met its burden of showing that the substitute trustee was a nominal or fraudulently joined party. *Id.* at *7. No such allegations are present in the immediate case.

Thus, the Court finds that SIWPC has been fraudulently joined and will therefore dismiss him *sua sponte* from this matter. While courts in this district have treated the analysis for whether a party is nominal as identical to that of fraudulent joinder, *see Wingate*, 2018 WL 3341186, at *4 (citing *Sherman*, 796 F. Supp. 2d at 761; *Payne*, 2010 WL 546770, at *4), the Court need not reach that determination here.

Absent SIWPC, the Court finds that there is complete diversity between the remaining parties in this case. Accordingly, Plaintiff's Motion will be denied.

Additionally, there are two pending Motions to Dismiss this matter. SIWPC's Motion to Dismiss will be denied as moot along with his dismissal from the case. The Court will direct JPMORGAN to file a memorandum in support of its Motion to Dismiss. An appropriate Order will accompany this Memorandum Opinion.

/s/
The Honorable Henry E. Hudson
Senior United States District Judge

Date: June 11, 2015
Richmond, VA